DICKENS and Another *v.* THE STATE, on the Relation of BURGER.

A constable's bond, though not executed until after he had commenced the discharge of his duties, may be sued on for any breach of the condition committed subsequently to its execution.

Tuesday,
May 27.

APPEAL from the *Hendricks* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by the state, on the relation of *Burger*, against a constable and his surety on their bond. The constable had been specially appointed by a justice of the peace, and the bond was conditioned for the faithful discharge of his duties. The breach assigned is, that the constable having an execution issued by a justice of the peace against the relator, levied the same on a certain horse and bridle belonging to the relator of the value of 92 dollars; that the property so levied on was exempt from execution; that the relator requested the constable to set apart said property as exempt from execution, but the request was refused. There was a plea in denial of the breach. The defendants also pleaded, that the bond sued on was not executed until after the levy on the property, and that the

bond was therefore void. General demurrer to the last-mentioned plea, and the demurrer sustained. The issue on the first plea was submitted to the Court. The plaintiff having closed her testimony, the defendants offered some irrelevant matters in evidence which were correctly excluded. The Court gave judgment for the plaintiff.

The only question in the cause, except that respecting the evidence offered by the defendants, which we have already noticed, is whether or not the plea demurred to is valid. We think it is not. It is said in support of the plea, that the bond was not executed in time to be legal. This objection is not tenable. A suit on the bond may be sustained for any breach of the condition committed subsequently to its execution. The breach complained of in this case is alleged to have occurred after the bond was executed, and the defendants, for any thing shown by the plea, are liable.

*Per Curiam.*—The judgment is affirmed with 3 *per cent.* damages and costs.

*J. Morrison*, for the appellants.

*C. C. Nave*, for the appellee.